**Warren GOODEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–84–794–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 23, 1985.

D. Brooks Cofer, Jr., Bryan, for appellant.

Bill Turner, Dist. Atty., Rodney Boyles, Asst. Dist. Atty., Bryan, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

Appellant pled nolo contendere to the offense of burglary of a habitation, and the jury assessed punishment at seven years confinement. The sole issue on appeal concerns the trial court's submission of an issue to the jury concerning the use of a deadly weapon in the commission of the offense. We affirm.

The indictment did not allege the use of a deadly weapon. However, the evidence clearly showed that both appellant and his co-defendant were armed and, in fact, fired shots at the two sons of the complainant who arrived at the home during the burglary. Appellant asserts that since the indictment failed to allege the use or exhibition of a deadly weapon, the jury should not have been charged on the issue. Appellant relies upon *Ex parte Nino,* 659 S.W.2d 436 (Tex.Crim.1983) and *Ex parte Thomas,* 638 S.W.2d 905 (Tex.Crim.1982) as support for his contention that we should reform the judgment and delete the unauthorized finding. We do not agree.

The instant case is remarkably similar to *Davis v. State,* 684 S.W.2d 201, 207 (Tex. App.—Houston [1st Dist.] 1984, pet. granted). In both this case and in *Davis,* the appellant was indicted for burglary and the indictment did not allege the use or exhibition of a deadly weapon. However, in both cases, the jury was charged on the issue and the *Davis* court held that the failure to allege the use or exhibition of a deadly weapon in an indictment did not preclude

the jury from being charged on the issue. We agree with that holding. Appellant's ground of error is overruled.

The trial court is affirmed.