**Ingrid Mary WISSINGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–84–0814–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 27, 1985.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Richard Anderson and John Kyles, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and COHEN and LEVY, JJ.

## OPINION

COHEN, Justice.

Appellant was convicted of murder upon her plea of no contest, and the court assessed punishment of imprisonment for 35 years.

■ Appellant first asserts that the court erred in refusing to allow her to withdraw her plea of no contest at a hearing held December 14, 1984. On November 21, 1984, appellant waived a jury trial, pleaded no contest, signed a stipulation of evidence, and made a judicial confession admitting the acts alleged in the indictment. The court accepted the no contest plea, but made no finding of guilt at that time. Instead, the court reset the case for December 14, 1984, and ordered a presentence investigation report. The record reflects that the court's intention was to temporarily withhold a finding of guilt so that deferred adjudication would be an available sentencing option. See Tex.Code Crim.Pro. Ann. art. 42.12 sec. 3d(a) (Vernon Supp. 1985).

During the November 21 hearing, the court, after accepting appellant's plea, told her, "you understand that on a plea of no contest that the court will have no choice but to find you guilty upon the presentation of appropriate evidence?" Shortly thereafter, the stipulation of evidence was admitted into evidence without objection, and the court informed appellant that the sole purpose of the proposed hearing of December 14 would be to determine whether she "could walk out a free woman on deferred adjudication" or "be taken into custody." Explaining to appellant that the State had no specific recommendation of punishment, the court advised that, "after hearing all the evidence and all the different sides of the case ... I will have to determine what would be the appropriate punishment, whether the lowest of five years probation or the highest of life imprisonment."

When the parties returned on December 14, appellant moved to withdraw her plea. She argued then, as she does now, that she was entitled to do so because there had been no finding of guilt, and the case had not yet been taken under advisement.

Appellant relies on DeVary v. State, 615 S.W.2d 739 (Tex.Crim.App.1981), and McWherter v. State, 571 S.W.2d 312 (Tex. Crim.App.1978), for the propositions that a liberal practice prevails in Texas concerning the withdrawal of a guilty or no contest plea, and that a defendant may withdraw his plea anytime before the court takes the case under advisement or pronounces judgment.

It is undisputed that the court had not pronounced judgment on December 14 when appellant moved to withdraw her plea, and the sole issue is whether the court had then taken the case under advisement. We conclude that the court took the case under advisement when the hearing of November 21 ended. The record indicates that each side had concluded its presentation of evidence on the subject of guilt. The only issue remaining to be decided was the appropriate punishment. The court stated this to appellant three times, and she indicated her understanding and agreement on each occasion. Neither appellant nor her lawyer did anything except indicate their consent to the scheduling of the hearing on December 14, which was for the sole purpose of determining appellant's punishment. Although appellant never stated that she "rested" or "closed" her presentation of evidence on the issue of guilt, the record indicates that she did. We view this case as being similar to and controlled by

*Jackson v. State,* 590 S.W.2d 514 (Tex. Crim.App.1979).

The first ground of error is overruled.

■ The second ground of error asserts that the court erred by using the pre-sentence investigation as a basis for finding the appellant guilty. Appellant relies on *State ex rel. Turner v. McDonald,* 676 S.W.2d 375 (Tex.Crim.App.1984), and *State ex. rel. Bryan v. McDonald,* 662 S.W.2d 5 (Tex.Crim.App.1983), for the proposition that courts should not order preparation of pre-sentence reports until an accused has been convicted, and trial judges should not examine pre-sentence reports before a determination of guilt, because to do so would violate due process. Both cases dealt with the routine practice of a trial judge in ordering and considering pre-sentence investigation reports before determining guilt. The Court of Criminal Appeals disapproved of this practice because, "[w]holesale evidence, almost always of a hearsay nature, not sworn to and not subject to the rigors of cross-examination, is obviously considered by the trial court under the system in question as a matter of course before a plea is even entered." 662 S.W.2d at 7.

The facts in the present case differ from the *McDonald* cases. In the instant case, there is no evidence that the judge considered the pre-sentence investigation report or ordered it until the defendant had pleaded no contest, signed a judicial confession, and stipulated to the evidence of her guilt. Therefore, the report could not have influenced the judge except in deciding the appropriate punishment.

Appellant relies on a statement of the trial judge at the December 14 hearing, when the court, after announcing a finding of guilty, stated, "the court hereby finds you guilty of the offense of murder and will now proceed to hear evidence on—well, as far as the evidence, I've considered also the pre-sentence investigation, a very thorough one ... and at this time, we'll hear any additional evidence that might be pertinent...."

■ We note that the procedure followed in the present case was requested by the appellant and was never the subject of an objection. The appellant asked that the court withhold its finding of guilt in order that it could consider her for deferred adjudication. The appellant asked that a pre-sentence investigation report be conducted, no doubt hoping that the report would persuade the judge to deal with her leniently. Thus, it was inevitable that the judge would consider the report before finding the appellant guilty. Otherwise, deferred adjudication would not have been an option. The procedure did not violate the appellant's rights and did not risk any of the due process violations condemned in the *McDonald* cases. Reversal would mean that every defendant who induced the court to follow this procedure could view the pre-sentence investigation report before deciding whether to persist in his plea. Once a defendant pleads no contest and induces the court to defer an adjudication of guilt, he should not be allowed to withdraw the plea because the pre-sentence investigation report is ultimately unfavorable.

The second ground of error is overruled.

Wissinger has filed a supplemental brief alleging grounds of error not raised in her original brief. We will consider these grounds because they attack the sufficiency of the evidence and raise a claim of fundamental error.

The third ground of error asserts:

The affirmative finding that a deadly weapon was used, to wit, a firearm, should be stricken from the judgment because the evidence is insufficient to support a finding by the trial judge.

■ The pre-sentence investigation report, which was admitted into evidence without objection, states, "[t]he defendant used a .38 caliber Smith and Wesson revolver during the commission of this offense." It further states that the victim's body bore three gunshot wounds. There is, therefore, sufficient evidence to support the finding that the "gun" alleged in the indictment was a pistol and a firearm, which are "deadly weapons". *Stewart v.*

*State,* 532 S.W.2d 349 (Tex.Crim.App.1976); Tex.Penal Code Ann. sec. 1.07(11) (Vernon 1974). The third ground of error is overruled.

The fourth ground of error asserts that: The affirmative finding that a deadly weapon was used, to wit, a firearm, should be stricken from the judgment because the appellant had no notice that the State would seek such an affirmative finding and this lack of notice violates fundamental due process.

█ The indictment alleged that appellant intentionally caused the death of her husband "by shooting him with a gun." The Court of Criminal Appeals has held that a "gun" is not a per se "deadly weapon," under Tex.Penal Code Ann. sec. 1.07. *Chavez v. State,* 657 S.W.2d 146, 148 (Tex. Crim.App.1983). The indictment did not allege that appellant used a "deadly weapon" or a "firearm."

Appellant cites no authority in any jurisdiction that directly supports her argument. The State has filed no response to appellant's supplemental brief.

In *Polk v. State,* 693 S.W.2d 391 (Tex. Crim.App.1985), Judges Clinton and Teague, in separate concurring opinions, argued that failure to put the deadly weapon allegation in the indictment denied due process of law. Neither opinion cited any authority specifically requiring that result. The majority opinion held that the issue was not presented for review. 693 S.W.2d at 396 n. 4.

Two courts of appeal have held that such an allegation is not required in the indictment. *Gooden v. State,* 692 S.W.2d 562 (Tex.App.—Houston [14th Dist.] 1985, no pet.); *Davis v. State,* 684 S.W.2d 201 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd). The *Gooden* opinion cites only this Court's *Davis* opinion to support its holding. The *Davis* opinion set out that appellant's contentions, while noting that he cited no authority supporting them. The appellant's argument in *Davis* was obviously without merit. He argued that a deadly weapon allegation must be in the indictment because, in its absence, the indictment did not

sufficiently describe *the offense* charged, which, in that case, was burglary of a habitation. The Court held:

> We reject the analogy since use or exhibition of a weapon is not one among several descriptive manners or means of commission of *the primary offense.*

684 S.W.2d at 207 (emphasis supplied).

The *Davis* opinion cites only *Haecker v. State,* 571 S.W.2d 920 (Tex.Crim.App.1978), a case that had nothing to do with the notice required concerning an allegation affecting punishment only. *Haecker* dealt with the notice required to describe a substantive criminal offense. While we agree with the holdings in *Davis* and *Gooden* that the *indictment* need not contain a deadly weapon allegation, those cases did not decide the issue now before us.

Appellant argues that she had no "notice" that the State would seek an affirmative finding. She does not argue that the notice had to be contained in the indictment. She argues in her brief that:

> The State did not include a special paragraph alleging that the instrument used was a deadly weapon; it did not file any special pre-trial motion or pleading that put the appellant on notice that the State would seek an affirmative finding that a deadly weapon was used.

Notice may be given other than by allegations in an indictment. For example, the federal statute providing for increased punishment for dangerous special offenders provides for the government to file a written motion before trial containing its allegations and evidence showing that the defendant is a dangerous special offender. 18 U.S.C. sec. 3575 (1977).

Appellant claims that the lack of notice that the State would seek a deadly weapon finding is so grievous that it requires reversal without any objection having been made at trial. We disagree.

A deadly weapon finding is serious, because it will approximately double the time that an inmate must serve in order to be eligible for parole. *See* Tex.Code Crim.P. Ann. art. 42.12, sec. 15(b) (Vernon 1979).

However, unlike an enhancement paragraph in an indictment, it does not raise the range of punishment.

In this particular case, appellant admitted murdering the victim by shooting him with a gun. She does not claim that she was surprised by the deadly weapon finding or that she was prejudiced in her ability to defend. Appellant had the right to see the pre-sentence investigation report before the punishment hearing began, Tex. Code Crim.P.Ann. art. 42.12, sec. 4(d) (Vernon Supp.1985), and she does not claim that she did not see it. Thus, she could and should have been aware that the report described the gun she used as a .38 caliber Smith & Wesson revolver. Appellant never requested any other form of pre-trial notice, never objected to the trial court's finding, and never claimed harm caused by lack of notice. A denial of due process may be waived by lack of objection. *Moore v. Illinois*, 408 U.S. 786, 799, 92 S.Ct. 2562, 2570, 33 L.Ed.2d 706 (1972). It will be a rare error that is so fundamental as to require a reversal without an objection and without harm.

We hold that, because use of a deadly weapon was not an element of the offense charged and did not increase the range of punishment, *see Polk*, 693 S.W.2d at 396 n. 4, and because there is no indication in this record that appellant was surprised at trial or hindered in her ability to defend, the lack of notice does not require reversal in the absence of an objection at trial.

Ground of error four is overruled.

The judgment is affirmed.

LEVY, J., dissents.

LEVY, Justice, dissenting.

In her fourth ground of error, appellant asserts that she had no notice that the State would seek an affirmative finding that a deadly weapon was used during the commission of the offense. Absent from the indictment was any allegation that the appellant used a "deadly weapon" or a "firearm."

Although the finding of a "deadly weapon" does not enlarge or alter the applicable penalty range (unlike an enhancement paragraph in an indictment), it nevertheless has a profound effect on a defendant by extending the confinement that a defendant must serve before becoming eligible for discretionary parole. Tex.Code Crim.P. Ann. art. 42.12, sec. 15(b) (Vernon 1979). In theory, his punishment is not changed but as seen from his perspective, it is drastically more severe.

My inability to join the majority stems basically from consideration of the command of art. 1, sec. 10 of the Texas Constitution, that a defendant has the right to know "the nature and cause of the accusation against him." Probably the most significant objective of this constitutional right is to furnish notice to the accused of the exact charge against him and, by implication, of what punishment might be assessed if he is found guilty, thus permitting him to prepare a specific defense or mitigation of punishment.

Our Code of Criminal Procedure, art. 21.-03 (Vernon 1966), further specifies, "[e]verything should be stated in [a charging instrument] which is necessary to be proved." Basic notions of fairness and adequate notice, therefore, constrain me to urge that when the State intends to invoke provisions of Tex.Code Crim.P.Ann. art. 42.12, sec. 3f(a)(2), (Vernon Supp.1985)[1], it must include in its charging instrument—preferably a simple averment in a separate paragraph—that which it expects to prove; that is, that the accused used or exhibited a

---

1. Sec. 3f. (a) The provisions of Sections 3 and 3c of this Article do not apply:
   ... (2) to a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment.

deadly weapon during the commission of the alleged offense or during the immediate flight therefrom.

When denial of probation by a trial court and deprivation of liberty by extended confinement in a penitentiary hinge on that very question, due process and due course of law require that the trier of fact at any stage of a criminal trial *not* be authorized to make an adverse finding against an accused unless and until the issue has been tendered by the pleading of the State. See *Polk v. State*, 693 S.W.2d 391, 397 (Tex. Crim.App.1985) (Clinton, J., concurring). Issues are tendered only by pleadings, the State thereby giving notice to the accused through its charging instrument of what is being claimed.

Because I believe that the failure of the State to give such notice by its pleadings is an error of fundamental magnitude, not requiring either a showing of harm or an objection, I respectfully dissent.

I would sustain the appellant's fourth ground of error and remand for a new trial.