In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-01060-CR

____________


RODNEY FREEMAN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 750795






O P I N I O N

 Appellant pleaded guilty to the offense of aggravated robbery without an agreed
recommendation from the State as to punishment. The trial court deferred adjudication of
appellant's guilt, placed him on community supervision for 10 years, and assessed a fine of
$500. The State subsequently filed a motion to adjudicate appellant's guilt, alleging that
appellant violated the terms and conditions of community supervision. The trial court found
that appellant had violated the terms and conditions of his community supervision and
sentenced appellant to 30 years confinement. We affirm.

Discussion


Trial Court's Review of PSI Report

 In his first two points of error, appellant claims that his conviction for aggravated
robbery is void because the trial court reviewed his presentence investigation report (PSI)
prior to a finding of guilt, in violation of his federal and state constitutional rights to due
process of law. A defendant placed on deferred adjudication community supervision may
raise issues relating to the original plea proceeding only in appeals taken when deferred
adjudication community supervision is first imposed. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

 Appellant did not raise this issue at the time he was placed on deferred adjudication. 
We dismiss appellant's first two points of error for want of jurisdiction. Id. at 660. (1)

Cruel and Unusual Punishment

 In points of error three and four, appellant claims his punishment was cruel and
unusual. See U.S. Const. amend. VIII, XIV; Tex. Const. art. I, § 19. Appellant made no
objection to his sentence. Thus, he did not preserve any error for our review. See Solis v.
State, 945 S.W.2d 300, 301-02 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). We
overrule appellant's points of error three and four.

Conclusion

 We affirm the judgment of the trial court.



 

 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.
1. We also note that in Wissinger, the same argument was made and we held that the procedure
did not violate the appellant's rights. Wissinger v. State, 702 S.W.2d 261, 263 (Tex.
App.--Houston [1st Dist.] 1985, pet. ref'd).