In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-01059-CR
____________

JESUS VASQUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 174th District Court 
Harris County, Texas
Trial Court Cause No. 867300



O P I N I O N
          Appellant pleaded guilty without an agreed recommendation to the felony
offense of driving while intoxicated (DWI) on July 25, 2001. A pre-sentence
investigation (PSI) report was ordered and filed with the trial court on September 12,
2001. On September 18, 2001, the trial court held a sentencing hearing, found
appellant guilty, and assessed punishment at three years. We affirm. 
PSI
          In his first and second points of error, appellant contends that the trial court’s
review of the PSI report before a determination of guilt violated his due process rights
under the Texas and United States Constitutions. See Tex. Const. art. I, § 19; U.S.
Const. amend. V, XIV.
          The PSI report in this case was neither ordered nor reviewed until after
appellant entered a plea of guilty, signed a judicial confession, and stipulated to the
evidence of his guilt. The trial court’s review of the PSI report was expressly
authorized by statute. Article 42.12 of the Code of Criminal Procedure allows the
trial court to inspect a PSI report after a plea of guilty or nolo contendere is entered. 
Tex. Code Crim. Proc. Ann. art. 42.12, § 9(c)(1) (Vernon Supp. 2002); see
Wissinger v. State, 702 S.W.2d 261, 263 (Tex. App.—Houston [1st Dist.] 1985, pet.
ref’d). 
          We overrule the first and second points of error.
Cruel and Unusual Punishment
          In his third and fourth points of error, appellant contends that his three-year
sentence imposes cruel and unusual punishment under the United States and Texas
Constitutions. See U.S. Const. amend. VIII; Tex. Const. art. I, § 13. 
          To preserve error for appellate review, the complaining party must make a
timely, specific objection, at the earliest opportunity, and obtain an adverse ruling.
See Tex. R. App. P. 33.1. Appellant did not object at the sentencing hearing to his
sentence on the basis of cruel or unusual punishment. Nor did he raise this argument
in a post-trial motion. Accordingly, he has waived this point of error. See Nicholas
v. State, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d);
Steadman v. State, 31 S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d).
          We overrule the third and fourth points of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                                  Adele Hedges
                                                                                  Justice
 
Panel consists of Justices Hedges, Keyes, and Duggan.



Do not publish. Tex. R. App. P. 47.