Opinion Issued June 26, 2003
















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00384-CR
____________

ELIZABETH QUAST, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court 
Harris County, Texas
Trial Court Cause No. 886611




MEMORANDUM OPINION
          Appellant, Elizabeth Quast, pleaded guilty without an agreed recommendation
as to punishment to the felony offense of aggregate theft of cash money of the value
of over $100,000 and under $200,000. See Tex. Pen. Code Ann. § 31.03(e)(6)
(Vernon 2003). The trial court accepted appellant’s guilty plea, found appellant
guilty, and assessed punishment at 20 years’ confinement. In four points of error, we
determine whether the trial court violated appellant’s rights to due process of law and
due course of law


 by reviewing her pre-sentence investigation (PSI) report prior to
rendering a finding of guilty and whether appellant preserved her complaint that the
trial court violated her right against cruel and unusual punishment


 by assessing her
punishment at 20 years’ confinement. We affirm.
Facts and Procedural History
          Appellant entered a plea of guilty on January 9, 2002. The trial court did not
make an express finding of guilt at that time. At appellant’s request, the trial court
withheld a finding of guilt until after a PSI report had been completed and reviewed
by the court. Based on appellant’s request, the trial court advised appellant that it
would defer a finding of guilt and ordered that a PSI report be prepared. 
          At the sentencing hearing, appellant requested community supervision. The
trial court found appellant guilty and assessed punishment at 20 years’ confinement.
 
PSI Report
          In her first and second points of error, appellant contends that the trial court
violated her rights to due process of law and due course of law by reviewing her PSI
report prior to rendering a finding of guilty. See U.S. Const. amends. V, XIV; Tex.
Const. art. I, § 19.
          Appellant relies on State ex rel. Turner v. McDonald, 676 S.W.2d 375 (Tex.
Crim. App. 1984) and State ex rel. Bryan v. McDonald, 662 S.W.2d 5 (Tex. Crim.
App. 1983) for the proposition that a trial court violates a defendant’s right to due
process by examining the PSI report before determining guilt. Appellant claims that
“[i]t is apparent from the record that the trial judge had read the presentence report
prior to the hearing.” Appellant points us to the following exchange that occurred at
the sentencing hearing after the trial court had announced the cause number and style
of the case:
The Court:It appears that on January 9th Ms. Quast pled guilty
to the theft and asked for a pre-sentence
investigation, which has been completed.
 
And, Ms. Cabaniss, Mr. Luke, have you had an
opportunity to read that?
 
Mr. Luke:I have, your Honor.
 
Ms. Cabaniss:Yes, your Honor.
 
The Court:All right. Then on the punishment issue, I don’t
know—I don’t know whether there was a finding of
guilt at that time.
 
Ms. Cabaniss:I believe the finding of guilt was withheld.
 
The Court:All right. We will continue to withhold that finding
so the full range of punishment is open, and we’ll
move into the punishment phase.
          Based on the above exchange, there is no indication that the trial judge had
reviewed the PSI report prior to the hearing. The trial judge merely asked counsel for
both parties whether they had reviewed the report so that the case could proceed into
the punishment phase. 
          Even if the trial judge had reviewed the PSI report, appellant specifically
requested that the judge review the report before entering a finding of guilt. If
appellant invited error by requesting that the judge review the PSI report prior to the
hearing, she is estopped from complaining of the error on appeal. See Prystash v.
State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999). 
          Finally, appellant had signed a “Waiver of Constitutional Rights, Agreement
to Stipulate, and Judicial Confession” and had pleaded guilty prior to the hearing. 
Thus, there is no evidence that the judge ordered or considered the PSI report until
the defendant requested it, pleaded guilty, signed a judicial confession, and stipulated
to the evidence of her guilt. See Wissinger v. State, 702 S.W.2d 261, 263 (Tex.
App.—Houston [1st Dist.] 1985, pet. ref’d) (holding that, if judge reviews PSI report
after defendant pleads no contest, signs judicial confession, and stipulates to evidence
of guilty, there is no error). Under these circumstances, this Court has held that the
PSI report could not have influenced the judge in determining guilt. See id. 
Appellant has not shown that the trial court violated her rights to due process of law
and due course of law by reviewing her PSI report prior to a finding of guilt.
          We overrule appellant’s first and second points of error.
Preservation of Punishment Challenge
          In her third and fourth points of error, appellant contends that the trial court
violated her right against cruel and unusual punishment because the punishment was
not proportional to the offense. U.S. Const. amend. VIII; Tex. Const. art. I, § 13. 
The State argues that appellant has waived any error by failing to raise this argument
in the trial court. 
          It is well established that almost every right, constitutional and statutory, may
be waived by failing to object. See Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d). To preserve a complaint for our review,
a party must have presented to the trial court a timely request, objection, or motion,
stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a)(1). 
          Here, appellant did not object to the disproportionality of the punishment at the
time that the trial court pronounced her punishment. Appellant did, however, file a
motion for new trial. At the hearing on this motion, appellant presented new evidence
and contended that the trial court had disregarded mitigating evidence. Appellant
never objected in the trial court that the alleged disproportionality of the sentence
violated her right against cruel and unusual punishment. Appellant has, therefore,
waived any error. See Curry v. State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995);
Solis, 945 S.W.2d at 301. 
          We overrule appellant’s third and fourth points of error.
          Conclusion
          We affirm the judgment of the trial court.




 Tim Taft
     Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).