Opinion issued November 18, 2004








     



In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01038-CR




VINCENT JEROME LEE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 875674



 
MEMORANDUM OPINION
          Appellant, Vincent Jerome Lee, pleaded guilty to the felony offense of forgery
of a commercial instrument.


 The trial court assessed his punishment at 270 days’
confinement in state jail. In five points of error, appellant argues that (1) the State
violated a plea bargain agreement by arguing that appellant should not receive
community supervision; (2) the trial court violated appellant’s federal and state
constitutional rights to due process of law by reviewing the pre-sentencing
investigation report (PSI) prior to finding appellant guilty; and (3) the 270 days’
confinement constituted cruel and unusual punishment under the federal and state
constitutions. We affirm.
Background
          In April 2001, appellant attempted to pass a forged check through a Chase
Bank drive through. The bank teller notified the security guard, an off-duty police
officer. The security guard approached appellant and asked him to come into the
bank, where he directed appellant to a conference room. At this point, appellant
became upset and attempted to run from the bank. The security guard wrestled with
appellant, but appellant was able to get away. The security guard and other police
officers searched for appellant nearby, but did not find him. However, appellant had
left an identification card at the bank, which the police later used to find and arrest
him. 
          Appellant pleaded guilty to forgery of a commercial instrument, without a
recommendation as to punishment. He signed plea papers, made a judicial
confession, waived his right to a jury trial, and stipulated to the evidence against him. 
He also signed and initialed admonishments acknowledging his understanding of the
consequences of his plea. The court found that appellant’s plea was free and
voluntary. Appellant requested community supervision, and the trial court ordered
a PSI. 
          At the punishment hearing, the trial judge found appellant guilty and allowed
him to make a statement. The court had before it the PSI, which showed that
appellant had prior convictions dating back to 1980 for theft, robbery with bodily
injury, and possession of a weapon. Appellant stated that he was trying to put his life
back together; he had gotten married, enrolled in a GED course, and changed his
conduct. He asked the court to grant him community supervision. The State
responded that “[W]e feel this defendant has already had two bites or three bites at
the apple. He was unsuccessful in his prior probation. He messed up the life of the
complaining witness in this case. We feel he is not eligible for probation and should
not be put back out.” The person whose check was forged stated that he was forced
to obtain new checking and routing numbers. The trial court sentenced appellant to
270 days’ confinement. 
 
 
Discussion
          Plea Bargain Violation
          In his first point of error, appellant contends he had a plea bargain agreement
with the State, which the State violated by arguing against community supervision to
the trial judge. 
          The record demonstrates that appellant pleaded “guilty” to the charge against
him,“w/o agreed rec; PSI ordered,” i.e., without an agreed recommendation as to
punishment. Appellant urges this Court to interpret the notation on the docket sheet
to mean there was an agreement that the State would not make a recommendation
during the punishment phase. The State argues, correctly, that the notation should be
understood to mean that the parties did not have an agreed punishment
recommendation and that punishment would be determined by the court following
preparation of a PSI and a hearing. See Tex. Code Crim. Proc. Ann. arts. 37.07,
42.12(a) (Vernon 2003). Appellant’s argument is without merit.
          We overrule appellant’s first point of error.
          PSI
          In his second and third points of error, appellant argues that his conviction is
fundamentally defective because the trial court violated his federal and state
constitutional rights to due process of law by reading the PSI prior to finding him
guilty. 
          A defendant’s rights are not violated where the evidence shows that the judge
did not consider the PSI until after the defendant had pled guilty or nolo contendere,
signed a stipulation of evidence, and made a judicial confession. See Tex. Code
Crim. Proc. Ann. art. 42.12 §9(c) (Vernon Supp. 2004-2005); Wissinger v. State,
702 S.W.2d 261, 263 (Tex. App.—Houston [1st Dist.] 1985, pet. ref’d). 
          Here, the trial judge did not order a PSI until after appellant pleaded guilty and
it was not created until after appellant stipulated to the evidence and made a judicial
confession. The trial judge did not violate appellant’s state or federal constitutional
due process rights. 
          We overrule appellant’s second and third point of error.
          Cruel and Unusual Punishment
          In his fourth and fifth points of error, appellant argues that his sentence violates
his state and federal constitutional rights against cruel and unusual punishment
because, in light of the unique facts in his case, 270 days’ confinement is
disproportionate to the offense. 
          Most constitutional and statutory rights, including the right to be free from
cruel and unusual punishment, can be waived by failing to preserve the error. See
Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); Solis v. State, 945
S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). Here, appellant
did not make a request, object, or file a motion asserting that his punishment was
cruel and unusual as required by the Rules of Appellate Procedure. Tex. R. App. P.
33.1(a)(1). Thus, appellant did not preserve error for appellate review. See Curry v.
State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); Steadman v. State, 31 S.W.3d
738, 742 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d).
          We overrule appellant’s fourth and fifth points of error.
          We affirm the trial court’s judgment.
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.4.