Opinion issued November 24, 2004







 
 






 



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01264-CR




PETER JAMES SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 923412




MEMORANDUM OPINION

          Appellant, Peter James Smith, was charged by indictment with aggravated
robbery. See Tex. Pen. Code Ann. § 29.03 (Vernon 2003). He pleaded guilty
without an agreed recommendation as to punishment. Appellant requested
community supervision and a pre-sentencing investigation (PSI) report. After a
hearing, the trial court found him guilty and assessed punishment at 40 years’
confinement. 
          In four issues, appellant contends that the trial court erred in reviewing the PSI
report prior to entering a finding of guilt, in violation of his federal constitutional
right of due process of law and his state constitutional right to due course of law, and
erred in assessing punishment disproportionate to the offense, in violation of his
federal and state constitutional rights against cruel and unusual punishment.
          We affirm.
Background
          On September 22, 2003, appellant entered a plea of guilty to the charge of
aggravated robbery in the indictment and filed an application for community
supervision. On the same date, appellant signed and filed a “Waiver of Constitutional
Rights, Agreement to Stipulate, and Judicial Confession.” During the plea
proceedings, the trial court stated it would defer entering a formal finding until a PSI
report could be prepared. 
          At the opening of the PSI hearing, on December 4, 2003, the trial court found
that the PSI had been prepared and stated that the court was familiar with its contents. 
At the close of the hearing, the court found appellant guilty, denied community
supervision, and assessed punishment at forty years’ confinement.
Review of the PSI Report
          In his first and second issues, appellant contends that the trial court erred
fundamentally in reviewing his PSI report prior to formally entering its finding of
guilt. Specifically, appellant claims his conviction is void due to violations of his
federal constitutional right of due process of law and his state constitutional right to
due course of law. U.S. Const. amends. V, XIV; Tex. Const. art. I, § 19.
          At issue is the following statement by the trial court at the opening of the PSI
hearing:
 
The defendant previously appeared before the Court and entered his plea
to the first degree felony offense of aggravated robbery. The Court
deferred a finding and conducted a presentence investigation. That
presentence investigation has been conducted. It will be made a part of
the Court’s file. The Court is familiar with its contents.
 
(Emphasis added.) 
          Appellant contends that this statement shows that the trial court reviewed
appellant’s PSI report prior to the hearing and prior to the entrance of its formal
finding of guilt. Appellant further contends that, even though he raised no objection
on this point in the trial court, this error cannot be waived because it renders his
conviction fundamentally defective. 
          Appellant heavily relies upon State ex rel. Bryan v. McDonald, 662 S.W.2d 5
(Tex. Crim. App. 1983), to support his contentions. There, the court indeed found
that, at the time of the lower court proceedings, nothing in Code of Criminal
Procedure, article 42.12, allowed inspection of a PSI report prior to entering a formal
finding on guilt. Id. at 7. However, we note that the Court also found that an
amendment to article 42.12 had since taken place that prospectively carved out an
exception to allow for inspection once a defendant pleads guilty. Id. at 7 n.1. 
          Appellant also heavily relies upon State ex rel. Turner v. McDonald, 676
S.W.2d 375 (Tex. Crim. App. 1984), which has been superceded by statute. Whitelaw
v. State, 29 S.W.3d 129, 134 (Tex. Crim. App. 2000) (finding that “the trial court was
empowered under Article 42.12 to consider a PSI for the purpose of determining
whether the defendant should receive probation”) .Currently, Code of Criminal Procedure, article 42.12, reflects the amendment
discussed above in Bryan and provides, in pertinent part, as follows:
          (c)    The judge may not inspect a report and the contents of the report
may not be disclosed to any person unless:
                    (1)     the defendant pleads guilty or nolo contendere or is
convicted of the offense; or
                    (2)     the defendant, in writing, authorizes the judge to inspect
the report.

Tex. Code Crim. Proc. Ann. art. 42.12, § 9(c) (Vernon Supp. 2004-2005) (emphasis
added). 
          Here, the PSI report was ordered after appellant entered his plea of guilty. 
Thus, any inspection by the trial court necessarily took place after such plea, in
conformance with the statutory requirement, and could not have influenced its finding
of guilt. See id. art. 42.12, § 9(c)(1); Wissinger v. State, 702 S.W.2d 261, 263 (Tex.
App.—Houston [1st Dist.] 1985, pet. ref’d) (finding that PSI report could not have
influenced lower court beyond deciding appropriate punishment when PSI report was
ordered after defendant had pleaded no contest). Moreover, a defendant adjudged guilty of aggravated robbery is not eligible for
a probated sentence. Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(F) (Vernon
2004-2005). As appellant acknowledges, the only way that appellant could have been
placed on community supervision was if the trial court deferred its adjudication of
guilt. See Wissinger, 702 S.W.2d at 263. It was appellant’s position that community
supervision would be an effective choice for the court because appellant did not lead
the robbery nor did he shoot the victim; rather, he was “a follower” by nature and was
simply in the wrong place at the wrong time. Most likely, appellant elected to have
a PSI report prepared in hopes that the report would yield precisely this picture and
persuade the court to consider leniency. See id. It was inevitable that the trial court
would need to consider the report before finding appellant guilty; otherwise,
community supervision would not have been an option. See id. 
          In sum, the procedure followed herein was requested by appellant and was
never the subject of any objection. See id. There is no evidence that the trial court
considered the PSI report until after appellant pleaded guilty, stipulated to the
evidence, and signed a judicial confession. See id. Under these circumstances, the
PSI report could not have influenced the trial court’s determination of guilt. Thus,
appellant has not shown that his constitutional rights were violated when the trial
court reviewed his PSI report prior to entering its formal finding of guilt. 
          We overrule appellant’s first and second issues. 
Punishment
          In his third and fourth issues, appellant contends that the punishment assessed
by the trial court violated appellant’s state and federal constitutional rights against
cruel and unusual punishment because it was disproportionate to the offense
committed. U.S. Const. amend. VIII; Tex. Const. art. I, § 13.
          In order to preserve a complaint for review, appellant must have preserved the
error in the trial court. Tex. R. App. P. 33.1(a). The failure to raise a specific
objection in the trial court as to the severity of the punishment assessed waives
constitutional claims of cruel and unusual punishment. Solis v. State, 945 S.W.2d
300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). Here, no objection was
raised nor was a motion for new trial brought alleging cruel and unusual punishment. 
Consequently, appellant has waived any error. See id.
          Moreover, where the punishment assessed is within the statutory range, it will 
generally not be considered disproportionate or violative of state or federal
constitutions. Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972);
Pequeno v. State, 710 S.W.2d 709, 711 (Tex. App.—Houston [1st Dist.] 1986, pet.
ref’d). Appellant committed aggravated robbery, which is a first degree felony. Tex.
Pen. Code Ann. § 29.03 (Vernon 2003). A first degree felony is punishable by
imprisonment for life or for a term of 5 to 99 years, and by a fine not to exceed
$10,000. Tex. Pen. Code Ann. § 12.32 (Vernon 2003). Appellant was sentenced to
confinement for 40 years, with no fine. This falls within the statutory range. Thus,
appellant’s sentence does not constitute cruel and unusual punishment. See Samuel,
477 S.W.2d at 614; Pequeno, 710 S.W.2d at 711.
          We overrule appellant’s third and fourth issues.
 
 
Conclusion
          We affirm the judgment of the trial court. 

                                                                                 
                                                                        Laura C. Higley 
                                                                        Justice
 

Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).