Affirmed and Memorandum Opinion filed May 12, 2005









Affirmed and Memorandum Opinion filed May 12, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00397-CR

____________

 

RANDY CLYDE LEE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 964,237

 



 

M E M O R A N D U M   O P I N I O N

Appellant pleaded “no contest” and was
convicted of the aggravated kidnapping of his own son.  The trial judge sentenced appellant to ten
years’ imprisonment.  On appeal,
appellant contends his constitutional rights to due process and due course of
law were violated when the trial judge reviewed appellant’s presentence
investigation report before finding appellant guilty.  Appellant also contends his punishment is
cruel and unusual in violation of the United States and Texas
constitutions.  We affirm.

 








Factual and Procedural Background

In October of 2003, appellant had a
serious argument with his wife. 
Appellant’s wife left their Houston home, leaving appellant with their
son, who was only three years old. 
Appellant absconded with the young child to Plano, Texas, without his
wife’s knowledge, and once there, telephoned his wife many times.  In the course of these telephone calls,
appellant threatened to kill himself and his three-year-old son.  The police were able to determine appellant’s
location by tracing appellant’s repeated threatening phone calls to his wife.  Appellant was arrested in a hotel room near
Plano, Texas, where he was staying with his son.  The appellant also had firearms in the hotel
room.

Appellant was charged with the
first-degree felony offense of aggravated kidnapping.  After being admonished by the trial court,
appellant waived his constitutional right to a jury trial and entered a plea of
“no contest.”  At his arraignment
hearing, appellant requested that a presentence investigation (“PSI”) report be
completed and that a sentencing hearing be held once the report was
complete.  The trial judge then set
appellant’s case for a sentencing hearing.

At the sentencing hearing, the trial judge
reiterated that appellant had been admonished about the punishment range and
had entered a plea of “no contest” before the judge announced his intention to
consider the PSI report.  Appellant’s
attorney did not object to the trial court’s failure to formally enter a
finding of guilt before the trial judge read the PSI report.  After reading the PSI report and hearing the
arguments of counsel, the trial court found appellant guilty and assessed
punishment at ten years’ confinement. 
Appellant did not object at that time, nor did he file a motion for new
trial raising any complaint about the length of his sentence.

Analysis








On appeal, appellant raises four points of
error.  All of appellant’s complaints
concern purported violations of appellant’s constitutional rights, under either
the United States or Texas Constitution, or both.  In his first two points, appellant contends
the trial court erred by reviewing the PSI report before finding him guilty and
that this error violated his due process rights accorded by the United States
Constitution and his due course of law rights accorded by the Texas
Constitution.  In his final two points,
appellant contends his ten-year sentence constitutes a cruel and unusual
punishment in violation of both the United States and Texas constitutions.

Appellant’s Due Process and Due Course of Law
Challenges

 Appellant’s first two complaints involve his
due process and due course of law constitutional rights.  U.S.
Const. amends. V, XIV; Tex. Const.
art. I, § 19.  Specifically, appellant
contends the trial judge violated appellant’s constitutional rights to due
process and due course of law by reviewing the PSI report prior to finding
appellant’s guilt.  See Baldridge v.
State, 77 S.W.3d 890, 892 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d)
(“The general rule is that it is violative of the United States and Texas
Constitutions for the trial court to review a presentence investigation report
prior to a determination of guilt.”) (citing State ex rel. Bryan v. McDonald,
662 S.W.2d 5, 7 (Tex. Crim. App. 1983)). 
We begin by noting that “even constitutional errors may be waived.”  Curry v. State, 910 S.W.2d 490, 496
(Tex. Crim. App. 1995) (en banc) (citing Briggs v. State, 789 S.W.2d
918, 924 (Tex. Crim. App. 1990)).  The
rights to due process and due course of law are among the constitutional errors
that can be waived by failure to assert them in the trial court. See Curry,
910 S.W.2d at 496 (finding due process and due course of law complaints were
not preserved for review in the absence of a timely, specific objection)
(citing Garcia v. State, 887 S.W.2d 846, 861 (Tex. Crim. App.
1994)).  Appellant never raised his objections
at the trial court level.  Accordingly,
we find he has waived them.  








Even if appellant had preserved these
complaints for our review, he still would not prevail.  When the defendant has entered a plea of “no
contest” as appellant did, courts in this state have held that a judge may
review a PSI report before entering a finding of guilt.  See, e.g., Wissinger v. State, 702
S.W.2d 261, 263 (Tex. App.—Houston [1st Dist.] 1985, pet. ref’d) (stating that
this procedure did not violate appellant’s rights and did not risk any due
process violations); accord Baldridge, 77 S.W.3d at 892 (following Wissinger
when trial judge reviewed PSI report after appellant’s guilty plea but before
entering a finding of guilt).  We
overrule appellant’s first two issues.

Appellant’s Challenges to his Sentence as Cruel and
Unusual

Appellant’s second two complaints involve
his constitutional right, under the United States and Texas constitutions, to
be free from cruel and unusual punishment. 
U.S. Const. amend VIII; Tex. Const. art. I, § 13.  These are also constitutional rights that can
be waived.  Mercado v. State, 718
S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc) (holding appellant could not
assert error pertaining to his sentence without raising that error in the trial
court); Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref’d) (holding appellant waived right to be free from cruel
and unusual punishments under both state and federal constitution by failing to
raise them in the trial court).  Again,
appellant never  complained about the
length of his sentence in the trial court. 
Thus, appellant has waived these complaints as well.[1]  See id.  We overrule appellant’s final two issues.

 








Conclusion

Appellant did
not preserve his constitutional challenges for appellate review, and, even had
he preserved them, the challenges would not require reversal.  We affirm his conviction.  

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed May 12, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Do
Not Publish — Tex. R. App. P.
47.2(b).

 

 











[1]  As with the
first two points, had appellant preserved these complaints for review, he still
would not prevail.  A punishment assessed
by a judge is not cruel and unusual under the Texas constitution when, as in
this case, it is within the statutory range. 
Baldridge, 77 S.W.3d at 890; Cooks v. State, 5 S.W.3d 292,
298 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing McNew v. State,
608 S.W.2d 166, 174 (Tex. Crim. App. [Panel Op.] 1978)).   The statutory range for aggravated
kidnapping, a first-degree felony, is from five to ninety-nine years.  Tex.
Code Crim. Proc. art. 12.32(a), 20.04(c).  The ten-year sentence appellant received  is at the low end of this range.  Similarly, under the United States
Constitution, appellant’s challenge would fail because it is not
disproportionate to the crime appellant committed.   See Baldridge, 77 S.W.3d at 893
(“[U]nder the United States Constitution, a state criminal sentence must be
proportionate to the crime for which the defendant has been convicted.”)
(citing Solem v. Helm, 463 U.S. 277, 290 (1983)).  A punishment is grossly disproportionate in
violation of the United States Constitution when “an objective comparison of
the gravity of the offense against the severity of the sentence reveals the
sentence to be extreme.”  Baldridge,
77 S.W.3d at 893 (citing Harmelin v. Michigan, 501 U.S. 957, 1004–06
(1991) (Kennedy, J., plurality op.)).  In
this case, appellant kidnapped his own son, took him to another city, kept him
in a room where appellant had access to firearms, and threatened to kill the
three-year-old boy.  Under these
circumstances, we cannot say that ten years’ imprisonment is grossly
disproportionate to appellant’s crime. 
Because the sentence is not grossly disproportionate, we need not
consider the remaining Solem factors and compare sentences for similar
crimes in this jurisdiction and sentences for this crime in other
jurisdictions.  See Baldridge, 77
S.W.3d at 893 (stating other Solem factors would only be considered if
the court infers the sentence is “grossly disproportionate to the offense”)
(citing Harmelin, 501 U.S. at 1005).