Opinion issued January 11, 2007








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01145-CR






FREDERICK LEE WOOLEY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 999997 






MEMORANDUM OPINION


 Appellant, Frederick Lee Wooley, pleaded guilty to the offense of delivery of
a controlled substance (cocaine) weighing more than 4 grams but less than 200 grams,
without an agreed sentencing recommendation from the State. After a pre-sentence
investigation (PSI) hearing, the trial court found appellant guilty and assessed
punishment at five years in prison. In four points of error, appellant contends that the
trial court violated his federal and state due process rights when it considered his PSI
report before entering a formal finding of guilt and that the trial court's assessment
of punishment at five years' confinement violates his federal and state constitutional
rights against cruel and unusual punishment. 

 We affirm.

Background

 On September 15, 2005, appellant pleaded guilty to the offense of delivery of
a controlled substance (cocaine) weighing more than 4 grams but less than 200 grams. 
Appellant signed plea papers stipulating to evidence, admitting to the acts alleged in
the indictment, and waiving certain constitutional rights. That same day appellant
also filed a motion for community supervision. The trial court delayed proceedings
pending completion of a PSI report. The PSI hearing was conducted on December
1, 2005. At the beginning of the hearing, the trial court noted on the record that
appellant had previously pleaded guilty. The court stated that it had found sufficient
evidence to find appellant guilty of the charged offense and had reset the case for
sentencing pending the preparation of a PSI report. The trial court further noted on
the record that it had received the PSI report and numerous letters on appellant's
behalf. The defense made no objection to the PSI report, and it was admitted into
evidence as a joint exhibit.

 At the hearing, the State presented the testimony of undercover narcotics
officer T. Fehl of the Pasadena Police Department. Officer Fehl testified that she had
purchased crack cocaine from appellant on three occasions. On the third occasion,
which is the subject of the instant case, appellant sold Officer Fehl 25.9 grams of
crack cocaine. The defense presented a number of witnesses who testified on
appellant's behalf, including appellant. At the conclusion of the hearing, the trial
court found appellant guilty and sentenced him to five years in prison. 

Review of PSI Report


 In his first and second points of error, appellant contends that the trial court
violated his federal and state due process rights when it considered his PSI report
before entering a formal finding of guilt. See U.S. Const. amend. V, XIV; Tex.
Const. art. I, § 19. Appellant, however, has waived these contentions.

 To preserve a complaint for appellate review, a party must have presented to
the trial court a timely request, objection, or motion stating the specific grounds for
the ruling desired. Tex. R. App. P. 33.1(a). It is well-established that almost every
right, constitutional and statutory, may be waived by failing to object. Smith v. State,
721 S.W.2d 844, 855 (Tex. Crim. App. 1986); see also Rhoades v. State, 934 S.W.2d
113, 120 (Tex. Crim. App. 1996) (involving waiver of rights under Texas
Constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995)
(involving waiver of rights under United States Constitution). Absent fundamental
error, we cannot reverse on grounds of which the trial court was not made aware. See
Boler v. State, 177 S.W.3d 366, 373 (Tex. App.--Houston [1st Dist.] 2005, pet.
ref'd). 

 Appellant made no objection in the trial court either to the order of proceedings
or to the consideration of the PSI report prior to a formal finding of guilt. We have
recently held that such alleged error is not fundamental error. See Hollin v. State, No.
No. 01-05-00820-CR, at *4 (Tex. App.--Houston [1st Dist.] Oct. 26, 2006, no pet.
h.) (designated for publication) (holding that any error in trial court considering PSI
report before formal sentencing when defendant has pleaded guilty is not fundamental
error). 

 Citing State ex rel. Turner v. McDonald, 676 S.W.2d 375 (Tex. Crim. App
1984) and State ex. rel. Bryan v. McDonald, 662 S.W.2d 5 (Tex. Crim. App. 1983),
appellant contends that "error in allowing the trial court to read a [PSI] report prior
to adjudication of guilt simply cannot be waived." This Court has previously held
that the holdings of the McDonald cases do not govern when the trial court considers
the PSI report after the defendant has pleaded no contest, signed a judicial confession,
and stipulated to the evidence of his guilt. Wissinger v. State, 702 S.W.2d 261, 263
(Tex. App.--Houston [1st Dist.] 1985, pet. ref'd). We likewise conclude that the
McDonald cases are inapposite to this case because, here, the trial court considered
the PSI report after appellant pleaded guilty, signed a judicial confession, stipulated
to evidence of his guilt, and requested community supervision. The McDonald cases
do not address the issue of preserving error for appeal in a non-plea bargain case in
which a trial court reviews a PSI report after the appellant has pleaded guilty. (1) 

 We overrule appellant's first and second issues.

Cruel and Unusual Punishment


 In his third and fourth points of error, appellant contends that his five-year
sentence constitutes cruel and unusual punishment in violation of the Eighth and
Fourteenth Amendments of the United States Constitution and article 1, section 13
of the Texas Constitution. See U.S. Const. amends. VIII, IV; Tex. Const. art. I,
§ 13. The record indicates that appellant made no objection in the trial court that his
sentence violated his federal and state constitutional rights against cruel and unusual
punishment. Thus, appellant has not preserved these issues for appeal. See Solis v.
State, 945 S.W.2d 300, 301 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd)
(holding that defendant must raise issue of cruel and unusual punishment in trial court
to preserve issue for appeal). 

Conclusion


 We affirm the judgment of the trial court.





 Laura Carter Higley

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.


Do not publish. See Tex. R. App. P. 47.2(b).
1. The court in State ex rel. Bryan v. McDonald noted that the version of Code of
Criminal Procedure article 42.12 applicable in that case did not specifically allow a
PSI report to be inspected prior to the entry of formal finding on guilt, but it
acknowledged that article 42.12 was amended in 1983 to include an exception to
allow  for inspection of a report after a defendant had pleaded guilty. 662 S.W.2d 5,
7 & n.1 (Tex. Crim. App. 1983). As pointed out by the State, the trial court's review
of the PSI report in this case was in conformance with Code of Criminal procedure
article 42.12, section 9(c). See Tex. Code Crim. Proc. Ann. art. 42.12, § 9(c)
(Vernon Supp. 2006) (providing that trial court may not inspect PSI report unless the
defendant pleads guilty or nolo contendere or is convicted of the offense).