Opinion issued May 17, 2007.















In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00173-CR

 __________


JOSE A. VASQUEZ, Appellants


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1031748






MEMORANDUM OPINION

 Appellant, Jose A. Vasquez, plead guilty to the offense of felony driving while
intoxicated ("DWI") without an agreed recommendation. After a presentence
investigation and a hearing, appellant was sentenced to five years confinement. (1) In
two points of error, appellant contends that the punishment was in violation of his
state and federal rights against cruel and unusual punishment.

 We affirm. 

Cruel and Unusual Punishment


 To preserve a complaint for appellate review, a party must have presented to
the trial court a timely request, objection, or motion stating the specific grounds for
the ruling desired. Tex. R. App. P. 33.1(a). It is well-established that almost every
right, constitutional and statutory, may be waived by failing to object. Smith v. State,
721 S.W.2d 844, 855 (Tex. Crim. App. 1986); see also Rhoades v. State, 934 S.W.2d
113, 120 (Tex. Crim. App. 1996) (waiver of rights under the Texas Constitution);
Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver of rights under
the United States Constitution); Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.--Houston [1st Dist.] 1997, pet. ref'd) (waiver of cruel and unusual punishment
claim); Wissinger v. State, 702 S.W.2d 261, 265 (Tex. App.--Houston [1st Dist.]
1985, pet. ref'd) (waiver of due process claim). Absent fundamental error, we cannot
reverse on grounds of which the trial court was not made aware. See Boler v. State,
177 S.W.2d 366, 373 (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd).

 Appellant made no objection in the trial court. The error complained of is not
fundamental and, therefore, an objection was required in order to preserve these
issues for appellate review. See Wissinger, 702 S.W.2d at 265. Consequently,
appellant's failure to object waived these complaints.

 Accordingly, we overrule points of error one and two.

Conclusion


 We affirm the trial court's judgment.



 George C. Hanks, Jr.

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.


Do not publish. Tex. R. App. P. 47.2(b).

1. Felony DWI has a punishment range of two to ten years' confinement, which may
include a fine not to exceed $10,000. Tex. Pen. Code Ann. §§ 12.34, 29.03,
49.09(b)(2) (Vernon 2006).