Opinion issued October 18, 2007






 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00677-CR






WAINER RENTERIA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 1047515






MEMORANDUM OPINION

 Appellant, Wainer Renteria, pleaded guilty to the offense of aggravated
robbery and was sentenced to 25 years' confinement. Tex. Pen. Code Ann.
§ 19.02(b)(3) (Vernon 2005). In his first and second points of error, appellant
contends that the trial court violated his federal and state due process rights when it
considered his pre-sentence investigation ("PSI") report before entering a formal
finding of guilt. In his third and fourth points of error, appellant contends that the
trial court's assessment of punishment at 25 years' confinement violates his rights
against cruel and unusual punishment under the federal and state constitutions. We
affirm.

Background

 Appellant was charged by indictment with aggravated robbery alleged to have
occurred on or about November 17, 2005. Appellant pleaded guilty without an
agreed recommendation by the state as to punishment. The trial court accepted
appellant's guilty plea, but withheld a formal finding of guilt so that a PSI report
could be prepared for the sentencing hearing. At the sentencing hearing, the trial
court considered the PSI report before entering a formal finding of guilt. 
Appellantwas sentenced by the trial court to 25 years' confinement.Review of the PSI Report

 In his first and second points of error, appellant contends that the trial court
violated his federal right to due process and his state right to due course of law when
it considered his PSI report before entering a formal finding of guilt. Appellant,
however, has waived these contentions.

 To preserve a complaint for appellate review, a party must have presented to
the trial court a timely request, objection, or motion stating the specific grounds for
the ruling desired. Tex. R. App. P. 33.1(a). It is well-established that, almost every
right, constitutional and statutory, may be waived by failing to object. Rhoades v.
State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of rights under the Texas
Constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver
of rights under the United States Constitution); Smith v. State, 721 S.W.2d 844, 855
(Tex. Crim. App. 1986); Solis v. State, 945 S.W.2d 300, 301 (Tex. App.--Houston 
[1st Dist.] 1997, pet. ref'd) (waiver of cruel and unusual punishment claim);
Wissinger v. State, 702 S.W.2d 261, 265 (Tex. App.--Houston [1st Dist.] 1985, pet.
ref'd) (waiver of due process claim). Absent fundamental error, we cannot reverse
on grounds of which the trial court was not made aware. See Boler v. State, 177
S.W.3d 366, 373 (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd).

 Appellant made no objection in the trial court either to the order of proceedings
or to the consideration of the PSI report prior to a formal finding of guilt. When a
defendant has pleaded guilty, any alleged error in a trial court's considering a PSI
report before formal sentencing is not fundamental error. See Hollin v. State, No. 01-05-00820-CR, 2006 WL 3030293, at *4 (Tex. App.--Houston [1st Dist.] Oct. 26,
2006, pet. ref'd) (designated for publication). The error complained of is not, as
appellant argues, fundamental and, therefore, an objection was required in order to
preserve these issues for appellate review. See Tex. R. App. P. 33.1(a); Wissinger,
702 S.W.2d at 265. Consequently, appellant's failure to object waived these
complaints.

 Accordingly, we overrule appellant's first and second points of error.

Cruel and Unusual Punishment

 In his third and fourth points of error, appellant contends that his 25-year
sentence amounts to cruel and unusual punishment under both the federal and state
constitutions because it is not proportionate to the offense committed. The record
indicates that appellant made no objection in the trial court raising the issue of cruel
and unusual punishment. He has, therefore, also waived these issues on appeal. See
Tex. R. App. P. 33.1(a); Solis, 945 S.W.2d at 301.

 Accordingly, we overrule appellant's third and fourth points of error. 

Conclusion


 We affirm the judgment of the trial court.


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Hanks, and Higley

 

Do not publish. Tex. R. App. P. 47.2(b).