**Opinion issued February 26, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00052-CR

————————————

## DONTA TREMAINE BROWNING, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 11-DCR-058541**

---

## MEMORANDUM OPINION

Donta Browning pleaded guilty to aggravated assault with a deadly weapon.[1] At the sentencing hearing, Browning sought to withdraw his guilty plea. The request was denied, and Browning was sentenced to ten years' community

---

[1] Tex. Penal Code Ann. § 22.02 (West 2011).

supervision. In one issue, Browning contends that the trial court erred by not allowing him to withdraw his guilty plea and jury waiver. Because Browning did not preserve the issue regarding jury waiver and the trial court did not err in denying his request to withdraw his guilty plea, we affirm.

## Background

Browning was indicted for felony aggravated assault with a deadly weapon after he was accused of using his car to run over the friend of his girlfriend's aunt during a dispute in the aunt's front yard. Browning pleaded guilty. The State did not recommend sentence. Instead, the case was reset to allow a presentence investigation (PSI).

At the sentencing hearing two months later, both the State and Browning announced ready and gave their opening statements. After the first witness was sworn in and ready to begin testifying, Browning interrupted to inform the trial court, "I want to change my plea today to not guilty." His attorney responded, "Right now, it's the first time he told me he intends to change his plea." The trial court denied the request, and the sentencing hearing continued. After the State's two witnesses testified and Browning testified against his attorney's advice, the trial court deferred a finding of guilty and placed Browning on community supervision for ten years. The trial court also ordered Browning to perform 400 hours of community service and pay a $1,000 fine.

2

Browning timely appealed.

## Browning Did Not Preserve Issue of Jury-Waiver

Browning contends that the trial court erred by denying his request "to withdraw his plea of guilty and withdraw his jury waiver." The record reveals that Browning did attempt to withdraw his guilty plea; however, nowhere in the record do we find any indication that Browning attempted to withdraw his jury waiver. Browning does not point to any document or transcript where such a statement was made either. Because the jury-waiver withdrawal issue was not presented to the trial court for its consideration, it is waived on appeal. TEX. R. APP. P. 33.1(a) (requiring that complaint be made to trial court through timely request, objection or motion to preserve issue for appellate review). Thus, the only issue to be resolved is whether the trial court erred by denying Browning's request to withdraw his guilty plea.

## Withdrawal of Guilty Plea

A defendant may withdraw his guilty plea at any time before judgment is pronounced or the trial court takes the plea under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *Wissinger v. State*, 702 S.W.2d 261, 262 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd). A case is considered to be "under advisement" when the trial court has admonished the defendant, received the plea and evidence, and reset the case to allow a pre-sentencing investigation.

*Jackson*, 590 S.W.2d at 515; *Wissinger*, 702 S.W.2d at 262. Once a plea has been taken under advisement, a request to withdraw a plea is untimely and the decision to allow or deny the request is within the sound discretion of the trial court. *Jackson*, 590 S.W.2d at 515; *Wissinger*, 702 S.W.2d at 262. A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993); *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

Browning did not raise the issue of changing his plea until the sentencing hearing had already begun. He had pleaded guilty, the PSI report had been completed and distributed, both sides had announced ready and given their opening statements, and the first witness was on the stand. We conclude that the record contains no evidence that the trial court abused its discretion by denying appellant's untimely request.

We overrule Browning's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

4