Juan D. VELA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–95–133–CR, 13–95–134–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 4, 1996.

Juan DeLeon Vela, Beeville, for appellant.

Carlos Valdez, District Attorney, Corpus Christi, Adolfo Aguilo, Jr., Assistant District Attorney, Corpus Christi, for appellee.

Before YAÑEZ, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

CHAVEZ, Justice.

Pursuant to a plea bargain, appellant pleaded guilty to two aggravated sexual assaults. The trial court assessed punishment at forty years imprisonment in each case. Appellant's attorney originally filed a brief in which she concluded that the appeals were frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim.App.1991). Later, counsel filed a letter brief and asserted a point of error in which she contends the trial court committed reversible error by considering the contents of a pre-sentence investigation report. In the original brief, counsel certified that she informed appellant of his right to review the record and to file his own brief. Appellant has not filed, nor requested an extension of time to file, his own brief. We will consider the one point raised by counsel. After doing so, we affirm the trial court's judgments.

On January 20, 1995, appellant appeared before the court and entered pleas of "no contest" to the aggravated sexual assaults. The trial court determined that the pleas were the result of a plea bargain agreement wherein the State recommended punishment at twenty-five years in prison for each offense, with the sentences to run concurrently. Before any evidence was introduced to support the pleas, the trial court stated, "And I'll rely on the Pre–Sentence Investigation for some information on you." The State later offered, and the trial court admitted, the plea agreement and the "Judicial Confession and Stipulation." The trial court then reviewed the exhibits, stated that he was troubled by the "no contest" pleas, and rejected the plea agreement.[1]

A month later, appellant returned to the trial court and entered pleas of guilty. The parties represented that there was a plea agreement by which the State would recommend punishment at forty years in prison for each offense, the sentences to run concurrently. The trial court accepted the pleas and sentenced appellant in accord with the plea bargain. The trial court later granted appellant permission to appeal. *See* TEX. R.APP.P. 40(b)(1).

Appellant now contends that the trial court erred by rejecting the original bargain "at least partially based on what he read in the Presentence Investigation" Report. Although we know of no authority that permits a defendant to predicate an appeal on the rejection of a plea bargain, we will address appellant's concerns.

In *State ex rel. Bryan v. McDonald*, 662 S.W.2d 5 (Tex.Crim.App.1983), the Court of Criminal Appeals held that the trial court's inspection of presentence reports prior to a determination of guilt violates due process. The Court noted that presentence reports typically contain hearsay, unverified information, and unsworn testimony not subject to the rigors of cross-examination. *Id.* at 6. In *Bryan*, the District Attorney of Brazos County came before the Court of Criminal Appeals seeking mandamus to prevent Judge

---

1. The Court stated: "I am troubled by a plea of No Contest, after reviewing the facts ... And I don't want to get into the business of negotiating, but the Court is constrained to accept the No Contest pleading for the minimum of one of the, at least one of them that is before me; the other one, which would not be the minimum ... I might perhaps accept something else on that basis. But frankly, people either, of course are innocent or they are not innocent. Of course all we ever say is 'guilty' or 'not guilty.' This is a peculiarly troublesome area, however."

W.T. McDonald from continuing a new procedure in his court whereby criminal defendants were required to give written consent to permit McDonald to review presentence reports prior to adjudication of guilt. *Id.* Under McDonald's procedure, if the State and defendant did not reach a plea agreement, McDonald would review a presentence report and propose a punishment to be assessed if the defendant later pleaded guilty. *Id.* The Court of Criminal Appeals held that the trial court's involvement in plea negotiations and its review of presentence reports before a finding of guilt violated due process. *Id.* at 8–9. In short, the problem in *Bryan* arose because the trial court considered the presentence report before determining guilt.

In *Wissinger v. State,* 702 S.W.2d 261, 263 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd), and *Blalock v. State,* 728 S.W.2d 135, 138 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd), the courts of appeals distinguished *Bryan* and upheld the convictions. In these two cases, as in the present case, the trial judges reviewed the presentence investigation reports after the defendants entered pleas of "no contest" or "guilty" but before the trial judges assessed punishment. The *Wissinger* Court noted that as the defendant had pled "no contest" and signed a judicial confession before the judge reviewed the report, review of the report could only have influenced the judge in deciding the appropriate punishment. *Wissinger,* 702 S.W.2d at 263. The *Blalock* Court made the same observation. *Blalock,* 728 S.W.2d at 137.

In the present case, the trial judge's review of the report could have influenced his opinion that the recommended punishment was not appropriate for the offenses charged, and thus it may have caused the trial judge to reject the plea agreement. But, because appellant had already judicially confessed, the review would not have reasonably affected the trial court's opinion regarding appellant's guilt.

We further note that the Code of Criminal Procedure provides that the trial judge may not inspect a presentence report *unless the defendant pleads guilty or nolo contendere or is convicted of the offense.* TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 9(c)(1) (Vernon Supp.1995). Impliedly, the Code permits the trial court to review the presentence report when a defendant pleads no contest or guilty. But, even if we assume that the trial court should not have reviewed the presentence report, we find no reversible error because a defendant must object when a trial court considers inadmissible evidence or acts improperly. *See* TEX.R.APP.P. 52(a). Appellant did not object when the trial judge said that he would review the presentence report. Error in the consideration of evidence is waived in the absence of an objection. *See* TEX.R.CRIM.EVID. 103(a).

We further note that the record fails to show what the trial court actually considered. The trial court stated that it would "rely on the Pre–Sentence Investigation for some information." As the report is not included in the appellate record, appellant would have us presume that the trial court considered prejudicial portions of the report. We will not presume prejudicial error. The burden is on appellant to have the presentence report included in appellate record. *See Dalgleish v. State,* 787 S.W.2d 531, 537 (Tex.App.—Beaumont 1990, pet. ref'd). For the above reasons, we find no reversible error and overrule appellant's sole point of error.

We have further reviewed the entire record and agree with counsel's original assessment that the appeal is without merit. We find nothing aside from the point raised by counsel which would arguably support an appeal.

Accordingly, the judgments of the trial court are affirmed.