NUMBER 13-99-257-CR
 


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


NATHANIEL AVILA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 208th District Court of Harris County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Yañez, and Seerden(1)


Opinion by Justice Yañez


 Appellant, Nathaniel Avila, pleaded guilty without a plea
agreement to a charge of murder, was found guilty by the trial court,
and was sentenced to forty-five years in the Texas Department of
Criminal Justice, Institutional Division. With four points of error,
appellant now challenges his conviction. We affirm.

 With his first two points of error, appellant argues that the trial
court erred by reviewing appellant's presentence report prior to
determining appellant's guilt, and that error constitutes a violation of
appellant's due process rights under article 1, section 19 of the Texas
State Constitution and the Fourteenth Amendment to the United States
Constitution.

 The inspection of a presentence report prior to a finding of guilt
violates due process under both the Texas and Federal constitutions. 
State ex rel. Bryan v. McDonald, 662 S.W.2d 5, 7 (Tex. Crim. App.
1983); Vela v. State, 915 S.W.2d 73, 75 (Tex. App.--Corpus Christi
1996, no pet.). However, when a defendant has already judicially
confessed, the trial court's review of a presentence report would not
reasonably affect the trial court's opinion regarding the defendant's
guilt. Vela, 915 S.W.2d at 75; Wissinger v. State, 702 S.W.2d 261, 263
(Tex. App.--Houston [1st Dist] 1985, pet. ref'd).

 In the case now before this Court, appellant requested a
presentence report at the same time he pleaded guilty. Because the
appellant confessed prior to the preparation of the report, and the trial
court's inspection of it, the report could not have had an effect on the
trial court's opinion regarding appellant's guilt. See Vela, 915 S.W.2d
at 75; Wissinger, 702 S.W.2d at 263. Appellant's first two points of
error are overruled.

 Appellant argues, in his third and fourth points of error, that his
sentence violates his state and federal constitutional rights against cruel
and unusual punishment. See U. S. Const. amend. VIII; Tex. Const. art.
I § 13. Punishment falling within the applicable range prescribed by the
legislature is not excessive, cruel or unusual. Jackson v. State, 680
S.W.2d 809, 814 (Tex. Crim. App. 1984); Harris v. State, 656 S.W.2d
481, 486 (Tex. Crim. App. 1983); Morales v. State, 897 S.W.2d 424,
427 (Tex. App.--Corpus Christi 1995, pet. ref'd). 

 Appellant was found guilty of murder, a first degree felony. See
Tex. Pen. Code Ann. § 19.02(b)(c) (Vernon 1994). A defendant adjudged
guilty of a first degree felony "shall be punished by imprisonment in the
institutional division . . . for any term of not more than [ninety-nine]
years or less than [five] years." Tex. Pen. Code Ann. § 12.32(a) (Vernon
1994). Because appellant was sentenced within the statutorily
prescribed range of punishment, we do not find his sentence to be cruel
or unusual. Appellant's third and fourth points of error are overruled.

 The judgment of the trial court is AFFIRMED.




 
 

 LINDA REYNA YAÑEZ

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

15th day of March, 2001.

1. Retired Chief Justice Robert Seerden assigned to this Court by the Chief Justice of
the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).