Affirmed and Memorandum Opinion filed May 22, 2003















Affirmed and
Memorandum Opinion filed May 22, 2003. 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS.
14-02-00667-CR and

   14-02-00668-CR

_______________

 

PEDRO YBARRA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________

 

On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause Nos. 877,098 and
877,097

___________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Pedro Ybarra appeals two convictions
and sentences for intoxication manslaughter[1] (in
causing the deaths of two individuals by driving while intoxicated) on the
grounds that: (1) the trial court reviewed appellant’s presentence
investigation report (“PSI”) before finding him guilty; and (2) his 20-year
sentence in each case constituted cruel and unusual punishment.  We affirm.




Presentence Investigation Report

            Appellant’s first two points of
error for each offense contend that the conviction is void because the trial
judge reviewed the PSI before finding him guilty, in violation of his federal
and state constitutional rights to due process.[2]  However, appellant failed to preserve this
complaint by objecting in the trial court, either when the trial court
announced it would defer a finding pending a PSI, or later at the PSI
proceeding.[3]  In addition, there is no due process violation
where a trial judge inspects a PSI after a defendant has pled guilty.[4]  Therefore, appellant’s first and second
points of error in both cases are overruled.

Cruel and Unusual Punishment

            Appellant’s third and fourth points
of error for each offense argue that his 20-year sentence constitutes cruel and
unusual punishment, in violation of the United
 States and Texas Constitutions.  See
U.S. Const. amends. VIII, XIV; Tex. Const. art. I, § 13. Again,
however, because appellant failed to object to his punishment in the trial
court, this complaint presents nothing for our review.  See Tex. R. App. P. 33.1(a); Rhoades v. State, 934 S.W.2d 113, 120
(Tex. Crim. App. 1996).

            In addition, appellant’s punishment
does not fall outside the statutory range,[5] and appellant
has not demonstrated that two concurrent 20-year sentences were not
proportionate to the offenses of causing two deaths by driving while
intoxicated.[6]  Accordingly, appellant’s third and fourth
points of error are overruled, and the judgment of the trial court is affirmed.

 

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

 

Judgment
rendered and Memorandum Opinion filed May 22, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler and Edelman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 

 











[1]           See Tex.
Pen. Code Ann.
§ 49.08 (Vernon 2003).  Appellant pled
guilty to each offense without an agreed punishment recommendation, and the
trial court accepted the pleas and sentenced appellant to 20 years confinement
for each offense, to run concurrently.





[2]           See U.S. Const. amends. V, XIV; Tex.
Const. art. I, § 19; State ex rel. Bryan v. McDonald, 662 S.W.2d 5, 7 (Tex. Crim. App. 1983).





[3]           See Tex. R. App. P. 33.1(a); Vela v. State, 915 S.W.2d 73, 75 (Tex.
App.—Corpus Christi 1996, no pet.).





[4]           See Vela, 915 S.W.2d at 75; Blalock v. State, 728 S.W.2d 135, 138
(Tex. App.--Houston [14th Dist.] 1987, pet. ref’d); Wissinger v. State, 702 S.W.2d 261, 263 (Tex.
App.--Houston [1st Dist.] 1985, pet. ref’d).  Nor is there any statutory violation for
doing so.  See Tex. Code Crim. Pro. Ann. art. 42.12, § 9(c) (Vernon Supp. 2003).  Moreover, following a guilty plea, deferring
the proceeding without an adjudication of guilt, pending a PSI, is necessary to
enable a trial court to consider placing a defendant on deferred adjudication
community supervision, where it is applicable. 
See Tex. Code Crim. Proc. Ann. art.
42.12 § 5(a) (Vernon Supp. 2003).





[5]           See Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972).





[6]           See Solem
v. Helm,
463 U.S. 277, 290 (1983) (“[A]
criminal sentence must [also] be proportionate to the crime for which the
defendant has been convicted.”).