IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00155-CR

 

Howard E. Kim,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 228th District Court

Harris County, Texas

Trial Court # 836,119

 



MEMORANDUM 
Opinion



 

        Appellant appeals his sentence, and attempts to
appeal the adjudication of his guilt and revocation of his deferred
adjudication community supervision, for indecency with a child by sexual
contact.  See Tex. Penal Code Ann.
§ 21.11(a)(1), (d) (Vernon 2003).  We will affirm.

      Appellant’s
first, second, and third issues concern the proceedings at the time of his plea
of guilty.  We may not address these
issues, and we dismiss them.  See Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004); Nix v. State, 65 S.W.3d 664, 667, 672 (Tex. Crim. App. 2001); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

      Appellant’s
fourth and fifth issues, likewise, concern the proceedings at the time of
Appellant’s guilty plea; but Appellant frames them as voidness challenges.  See
Nix, 65 S.W.3d at 667-68.  Appellant
argues that the trial court’s review of presentence investigation reports,
after deferring adjudication of Appellant’s guilt but before finally
adjudicating his guilt and revoking his community supervision, renders his
conviction void (citing State ex rel.
Bryan v. McDonald, 662 S.W.2d 5 (Tex. Crim. App. 1983) (orig. proceeding); State ex rel. Turner v. McDonald, 676
S.W.2d 375 (Tex. Crim. App. 1984) (orig. proceeding)).  The cases that Appellant cites do not stand
for the proposition that the conviction is void.  See
Vela v. State, 915 S.W.2d 73, 75 (Tex. App.—Corpus Christi 1996, no pet.); Wissinger v. State, 702 S.W.2d 261, 263
(Tex. App.—Houston [1st Dist.] 1985, pet. ref’d).  We dismiss Appellant’s fourth and fifth
issues.  See Tex. Code Crim. Proc.
Ann. art. 42.12, § 5(b); Nix at 667-68; Manuel, 994 S.W.2d at 661-62.

      In
Appellant’s sixth and seventh issues, he contends that his sentence constituted
cruel and unusual punishment.  By failing
to present his complaint in the trial court, Appellant forfeited it.  See
Tex. R. App. P. 33.1(a); Idowu v. State, 73 S.W.3d 918, 921 n.9
(Tex. Crim. App. 2002) (citing Smith v.
State, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.)).  We overrule Appellant’s sixth and seventh
issues.




      Having
dismissed or overruled Appellant’s issues, we affirm the judgment.  

TOM
GRAY

Chief Justice

Before Chief Justice Gray,

      Justice
Vance, and

      Justice Reyna

Opinion
delivered and filed October 6, 2004

Affirmed

Do
not publish

[CR25]