Affirmed and Memorandum Opinion filed January 23, 2007








Affirmed and Memorandum Opinion filed January 23, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01008-CR

NO. 14-05-01009-CR

____________

 

ASHLEY NICOLE TOPP, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 208th
District Court

Harris County, Texas

Trial Court Cause Nos. 1025809,
1025110

 



 

M E M O R A N D U M   O P I N I O N

Appellant Ashley Nicole Topp challenges her two convictions
for burglary of a habitation.  She contends that the convictions are void
because the trial court reviewed her pre-sentence investigation report prior to
a formal adjudication of guilt in the two cases, and that the fifteen-year
sentences violate her constitutional rights against cruel and unusual
punishment.  We affirm.








I.  Factual
and Procedural Background

Appellant was charged with the felony of offense of
burglary of a habitation in cause numbers 1025809 and 1025110.  She waived her
right to a jury trial in both cases, and in each case entered a plea of guilty
without an agreed recommendation for a pre-sentence investigation.  The trial
court found that in each of the cases the evidence supported appellant=s guilt, but
deferred the proceedings without entering any adjudication of guilt.  The trial
court ordered a pre-sentence investigation (APSI@) report and, on
September 15, 2005,  conducted a pre-sentencing and sentencing hearing.  After
stating she had read the PSI report, the trial judge asked appellant and the
State if they had any objections.  Neither side voiced any objections. Appellant
testified at the hearing and admitted to her involvement in the charged
offenses.  At the conclusion of the hearing, the trial court made a formal
finding of guilt in each case and sentenced appellant to fifteen years= confinement in
the Institutional Division of the Texas Department of Criminal Justice for each
of the convictions. 

II. Issues and Analysis

A.      Did appellant preserve
error on her first two issues relating to the trial court=s review of the PSI report prior to
adjudicating guilt? 

In her first two issues, appellant contends that her
convictions are void because the trial judge reviewed the PSI report before
finding her guilty, in violation of her federal and state constitutional rights
to due process.   However, appellant failed to preserve this complaint by
objecting in the trial court, either when the trial court announced it would
defer a finding pending preparation of a PSI report or later at the hearing.  See
Tex. R. App. P. 33.1(a)(1);
Ybarra v. State, Nos. 14‑02‑00667‑CR, 14‑02‑00668‑CR,
2003 WL 21191746, at * 1 (Tex. App.CHouston [14 Dist.]
May 22, 2003, pet. ref=d) (holding that no error was preserved
when defendant failed to object when the trial court stated that he would
review the pre-sentence report prior to the formal finding of guilt) (not
designated for publication);  Vela v. State, 915 S.W.2d 73, 75 (Tex.
App.CCorpus Christi
1996, no pet.) (same). 








In addition, there is no due process violation when a trial
judge inspects a PSI report after a defendant has pled guilty.  Ybarra, 2003
WL 21191746, at *1; Vela, 915 S.W.2d at 75; Blalock v. State, 728
S.W.2d 135, 138 (Tex. App.CHouston [14th Dist.] 1987, pet. ref=d).  Nor is there
any statutory violation in doing so.  See Tex. Code Crim. Pro. Ann. art. 42.12, ' 9(c) (Vernon
Supp. 2003). Moreover, following a guilty plea, deferring the proceeding
without an adjudication of guilt, pending the preparation of a PSI report, is
necessary to enable a trial court to consider placing a defendant on deferred
adjudication community supervision, when it is applicable.  See Ybarra,
2003 WL 21191746, at *1 n.4 (citing  Tex.
Code Crim. Proc. Ann. art. 42.12 ' 5(a) (Vernon
Supp. 2003)). For these reasons, we overrule appellant=s first two
issues. 

B.      Did
appellant preserve error on her last two issues relating to her complaint that
her fifteen-year sentences constitute cruel and unusual punishment? 








In her third and fourth issues, appellant contends that her
sentences of confinement for fifteen years violates her state and federal
constitutional rights against cruel and unusual punishment.  See U.S. Const. amends. VIII, XIV; Tex. Const. art. I, ' 13.  The
constitutional right to be free from cruel and unusual punishment may be
waived.  See Nicolas v. State, 56 S.W.3d 760, 768 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d) (concluding that defendant waived claim
that one concurrent and five consecutive sentences imposed for three counts of
aggravated sexual assault of child and three counts of indecency with a child
were cruel and unusual under both federal and state constitutions, when he did
not raise them in trial court); Solis v. State, 945 S.W.2d 300, 301
(Tex. App.CHouston [1st Dist.] 1997, pet. ref=d) (finding waiver
where defendant failed to object at punishment hearing that sentence was cruel
and unusual); see also Stewart v. LaGrand, 526 U.S. 115, 119, 119 S.Ct.
1018, 143 L.Ed.2d 196 (1999) (concluding the defendant waived his right to
complain the gas chamber was cruel and unusual when he elected that method over
Arizona=s default election
of death by lethal injection).  Because appellant failed to voice this
objection to her punishment in the trial court, she waived her complaint for
appellate review.  See Tex. R.
App. P. 33.1(a); Rhoades v. State, 934 S.W.2d 113, 120 (Tex.
Crim. App. 1996).

In any event, appellant=s punishment in
each case was assessed within the statutory range, and she has not demonstrated
that either of her fifteen-year sentences was grossly disproportionate to the
felony offense of burglary of a habitation.  Each of appellant=s offenses was
punishable by imprisonment in the Texas Department of Criminal Justice,
Institutional Division, for any term of not more than twenty years or less than
two years, and a fine not to exceed $10,000. Tex.
Penal Code Ann. ''12.33, 30.02 (Vernon 2003).   Therefore,
even if appellant had not failed to preserve error on her complaint, we could
not conclude that appellant=s fifteen-year sentences constitute cruel
and unusual punishment.  See Harris v. State, 656 S.W.2d 481, 486 (Tex.
Crim. App. 1983); Benjamin v. State, 874 S.W.2d 132, 134B35 (Tex. App.CHouston [14th
Dist.] 1994, no pet.). We overrule her third and fourth issues. 

Having overruled all of
appellant=s issues, we affirm the trial court=s judgments.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered
and Memorandum Opinion filed January 23, 2007.

Panel consists of
Justices Fowler, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).