**Opinion filed August 12, 2021**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-19-00272-CR & 11-19-00273-CR

_____

## BARBARA ANN JENKINS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause Nos. CR41856 & CR50462**

### M E M O R A N D U M   O P I N I O N

In trial court cause no. CR41856, Appellant, Barbara Ann Jenkins, was initially convicted and sentenced to ten years' incarceration but was placed on community supervision after pleading guilty to the offense of tampering with or fabricating physical evidence. The State filed a motion to revoke her community supervision after Appellant violated the terms and conditions thereof by committing the offense of burglary of a habitation. Appellant pled "true" to the allegations set forth in the State's motion to revoke. The trial court found the allegations contained

in the motion to revoke to be true, revoked Appellant's community supervision, and imposed the original sentence of confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice.

In trial court cause no. CR50462, Appellant was indicted for the second-degree felony offense of burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2019). Appellant waived her right to a jury and entered an open plea of "guilty." The trial court conducted a hearing, found Appellant guilty, and assessed Appellant's punishment at confinement for eleven years in the Institutional Division of the Texas Department of Criminal Justice. Both referenced sentences are to run concurrently.

In a sole issue in each appeal, Appellant asserts that the trial court abused its discretion in reviewing a presentence investigation (PSI) report prior to Appellant's respective pleas of "true" and "guilty." We affirm.

*Background Facts*

In 2013, Midland Police Officer Edward Garcia was following a tip from a person who was assaulted outside a bar by someone acquainted with Appellant. Officer Garcia subsequently arrested Appellant and another individual in relation to the assault. Upon arriving at the jail, Appellant exited the police vehicle and Officer Garcia found a baggie of cocaine where Appellant was sitting. Officer Garcia's in-car video showed Appellant take a substance from her friend's hand with her mouth, unsuccessfully attempting to swallow it and ultimately spitting it out into the other passenger's hands.

Appellant, in lieu of her sentence of ten years' imprisonment for the charged offense, was placed on community supervision for a period of three years. In 2014, the State filed a motion to revoke for failure to abide by the terms and conditions of Appellant's community supervision, and the trial court modified the judgment to continue community supervision for two years from the date of the modified

2

judgment. However, upon Appellant's involvement and charge for burglary of a habitation, the State filed a second motion to revoke Appellant's community supervision. Appellant pled "true" to the allegations set forth in the State's motion to revoke, and the trial court accordingly found that Appellant violated the terms and conditions of her community supervision. The trial court revoked Appellant's community supervision and sentenced Appellant to ten years' confinement per the terms of her original conviction.

On March 21, 2019, a pretrial hearing on the revocation charges and the burglary-of-a-habitation charge was held. The State informed the trial court that a plea offer of three years for each case to run concurrently was on the table. Appellant's defense counsel stated on the record that Appellant wished to accept the State's plea offer. The trial judge asked Appellant what she would like to do, to which Appellant responded: "I'll take the three years." The trial court responded "Okay." Appellant then waived her right to a trial by jury, and the trial court ordered a presentence report to be created and set a guilty plea hearing for the following week. This exchange took place at the close of the March 21 hearing:

> THE COURT: . . . Ms. Jenkins, there may be someone from the probation office coming by to see you in jail. It does not mean that the offer has changed. They have to prepare a report and they can either prepare it before the plea or after the plea. Do you understand?

> [APPELLANT]: Yes.

The next record we have of any communication between the parties and the trial court was at a "guilty plea hearing" held on March 28, 2019. The trial court opened the hearing by immediately addressing Appellant's trial counsel and stating that in light of Appellant's continued failure to accept guilt as reflected in the presentence report, it could not accept her guilty plea. Appellant's cases therefore would be kept on the court's trial docket. Specifically, the following exchange took place:

3

THE COURT: We're not going to be able to go forward on either one of these cases. Ms. Jenkins, in her presentence investigative report, indicates that -- I guess as it relates to Cause Number 50462, wherein she's charged with burglary of a habitation with intent to commit assault, that it appears she's saying that they were greeted at the door, they went inside, talked, and as she was leaving, she tapped Corina Hinojos's phone but didn't make any physical contact with Corina Hinojos.

And then there is nothing pertaining to the other case of tampering with or fabricating physical evidence.

So, you know, she has not admitted guilt in either case, so the Court is just going to keep these -- or put these two cases on the trial docket. The Court cannot in good conscience accept a guilty plea to an offense in which the Defendant maintains their innocence.

So, with that, I think our work here is through today. . . .

. . . .

Well, at least on the burglary of a habitation we can't go forward.

Nearly five months later, on August 20, 2019, Appellant went ahead and pled "true" to the community supervision violations on the tampering conviction and pled "guilty" to the charged offense of burglary of a habitation. The trial court found Appellant guilty of the offense and sentenced her to eleven years' imprisonment to run concurrently with the ten-year sentence she received as a result of her community supervision being revoked.

*Issue One*

In her sole issue in each appeal, Appellant asserts that the trial court committed harmful error in reviewing the presentence investigation report prior to Appellant's plea being entered. Appellant also asserts that the trial court failed to give Appellant the opportunity to preserve error by objection to the trial court's review of the presentence report. Appellant's argument is that the trial court's reading of the presentence report prior to a determination of guilt being entered

4

resulted in the trial court's rejection of the plea agreement, thereby causing harmful error.

The State contends that Appellant's claim is not preserved for appellate review because Appellant did not object to the trial court's ordering of the presentence report prior to her guilty plea and/or did not object to the trial court's consideration of the report prior to Appellant formally pleading guilty.

*Analysis*

The terms of the plea bargain agreement for the two offenses were a package deal—for Appellant to plead "true" to the allegations in the motion to revoke community supervision on her tampering conviction and to plead "guilty" on the more recent charge of burglary. In exchange, the agreed sentence for each would be three years to run concurrently. The trial court, however, rejected Appellant's guilty plea to the charge of burglary after reviewing statements of innocence made by Appellant in the presentence interview. The terms of the State's plea bargain, therefore, were not met, and the State was not willing to and did not negotiate the offenses separately.

Presentence reports are prepared by community supervision and corrections departments, which serve the district courts and county courts at law handling criminal cases within a designated judicial district or combination of districts. TEX. CODE CRIM. PROC. ANN. arts. 42A.001(4), .252(a) (West 2018); TEX. GOV'T CODE ANN. §§ 76.002, .004 (West Supp. 2020). A presentence report is used anytime that a sentence is to be determined by a judge. *Stringer v. State*, 309 S.W.3d 42, 45 (Tex. Crim. App. 2010). Except in certain situations, Article 42A.252 of the Texas Code of Criminal Procedure requires that, "before the imposition of the sentence by a judge, the judge shall direct a supervision officer to prepare a presentence report for the judge." CRIM. PROC. art. 42A.252(a).

The report contains general punishment-phase information and assists the trial court in determining the sentence to assess. *Stringer*, 309 S.W.3d at 45; *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (presentence investigation report may be utilized to assist trial judge in the exercise of discretion when an issue of the proper punishment is present). The report's purpose is to "provide a wide range of information to the trial court without an adversarial hearing," *Stringer*, 309 S.W.3d at 48, and to that end, the report's contents are prescribed by statute. CRIM. PROC. art. 42A.253. For example, a presentence report must be in writing and include the circumstances of the charged offense, the defendant's criminal and social history, a proposed supervision plan if the court grants community supervision, and any other information relating to the defendant or the offense as requested by the judge. *Id.* art. 42A.253(a).

The general rule is that it is violative of a defendant's due process rights under both the United States and Texas Constitutions for the trial court to review a presentence investigation report prior to a determination of guilt. *State ex rel. Bryan v. McDonald*, 662 S.W.2d 5, 7 (Tex. Crim. App. 1983). A presentence report may not be inspected by the judge, nor may its contents be disclosed to the district attorney, unless the defendant pleads guilty or nolo contendere, is convicted of the offense, or the defendant authorizes in writing the judge to inspect the report. CRIM. PROC. art. 42A.254. This is because presentence reports typically contain hearsay, unverified information, and unsworn testimony not subject to the rigors of cross-examination. *Bryan*, 662 S.W.2d at 6.

However, a defendant's constitutional rights are not violated where there is no evidence the judge considered the presentence investigation report prior to the defendant's plea, the signing of a judicial confession, and the stipulation to the evidence of the defendant's guilt. *See Blalock v. State*, 728 S.W.2d 135, 138–39 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd). There must be "determinations

6

of guilt" made, but a formal entry of a finding of guilt is not necessary before the trial court may review the report. *See Bryan*, 662 S.W.2d at 7.

In *Bryan*, the district attorney of Brazos County petitioned to the Court of Criminal Appeals seeking mandamus to prevent Judge W.T. McDonald from continuing a new procedure in his court whereby criminal defendants were required to give written consent to permit Judge McDonald to review presentence reports prior to adjudicating guilt. *Id.* Under Judge McDonald's procedure, if the State and defendant did not reach a plea agreement, Judge McDonald would review the presentence report and propose a punishment to be assessed if the defendant later pleaded guilty. *Id.* The Court of Criminal Appeals held that the trial court's involvement in plea negotiations and its review of presentence reports before a finding of guilt violated the defendant's right of due process. *Id.* at 8–9. In short, the problem in *Bryan* arose because the trial court considered the presentence report before determining guilt. *See Vela v. State*, 915 S.W.2d 73, 75 (Tex. App.—Corpus Christi–Edinburg 1996, no pet.). We do note that, contrary to the facts of *Bryan*, the judge in this case did not mention any change in his view on punishment after reading the report but prior to the determination of guilt, other than to reject the impending guilty plea based on Appellant's failure to admit guilt found in the report.

The facts in the present case differ in decisive ways from those at issue in the *Bryan* case. Appellant, in the case before this court, knowing that the presentence report had been viewed by the trial court and without objection, then voluntarily pled guilty to the burglary charge. Here, therefore, the report could not have influenced the judge as to guilt because Appellant voluntarily pled guilty, and it was appropriate to consider the PSI report in deciding the appropriate punishment. *See Blalock v. State*, 728 S.W.2d 135, 139 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd). *Blalock* held that, under certain circumstances the viewing of a presentence report prior to a finding as to guilt is permissible. *See id.* at 139 (following *Wissinger v.*

*State*, 702 S.W.2d 261, 263 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd)); *see also Vela*, 915 S.W.2d at 75 (following *Blalock* and *Wissinger* ).

At the hearing on March 21, 2019, Appellant and her trial attorney asserted on the record that Appellant wanted to accept the negotiated plea bargain of three years for each offense to run concurrently and—by necessary implication—to plead guilty after waiving Appellant's right to a trial by jury. Consistent with that verbal assertion, the trial court's docket appears to reflect that a plea bargain was accepted by Appellant—"offer accepted." The trial court then requested a waiver of jury trial, which the record reflects was signed by all parties and the trial court on March 21, 2019. The court informed the parties that it would set a guilty plea hearing for one week later, March 28, 2019. The trial court then advised Appellant that a report by the probation department was necessary and that Appellant may be interviewed prior to the guilty plea hearing for the purpose of constructing a report—commonly referred to as a presentence investigation report. All of this occurred without objection and without mention in the subsequent motion for new trial.

Without commenting on the propriety of same, it is often customary practice that, prior to the commencement of a guilty plea hearing, the district attorney's office will prepare and the defendant will, with the advice of her attorney, execute the proposed judgment, waivers, stipulations, and judicial confessions relating to guilt so that the hearing can proceed without delay. Other than the waiver of Appellant's right to a jury trial, none of these documents appear in the record. Because any documents that may have been executed in conjunction with the scheduled guilty plea hearing were not included in the record, it is impossible to know the chronology of when the trial court actually reviewed the PSI, which is also not found in the record.

It is apparent that the trial court *expected* a formal guilty plea from Appellant at the March 28 hearing because it had set a guilty plea hearing and, prior to taking

8

announcements from the parties, immediately addressed Appellant's trial counsel on the record stating: "We're not going to be able to go forward [with the hearing] on either one of these cases" because "[Appellant], in her presentence investigative report . . . has not admitted guilt in either case." The trial court additionally added that "the Court cannot in good conscience accept a guilty plea to an offense in which the Defendant maintains their innocence." The trial court summarily ended the hearing, and no documents were offered or admitted. Importantly, a trial court remains free in every or any case to refuse to allow plea bargaining or to reject a particular plea bargain entered into by the State and defense. *See Bryan*, 662 S.W.2d at 9 (citing *Morano v. State*, 572 S.W.2d 550 (Tex. Crim. App. [Panel Op.] 1978); *Cruz v. State*, 530 S.W.2d 817, 819 (Tex. Crim. App. 1975)).

In light of Appellant's assertion that she wished to accept the State's plea bargain offer, waive her right to a trial by jury, and proceed with a guilty plea hearing, it is apparent that the trial court likely believed that a determination of guilt existed or was imminent. It is only thereafter that the judge read the PSI—a permissible practice under *Wissinger and Blalock. See Blalock*, 728 S.W.2d 138–39; *Wissinger*, 702 S.W.2d at 263 (no evidence that the judge considered the pre-sentence investigation report until the defendant had pleaded no contest, signed a judicial confession, and stipulated to the evidence of her guilt); s*ee also Bryan*, 662 S.W.2d at 7 (There must be "determinations of guilt" made, but a formal entry of a finding of guilt is not necessary before the trial court may review the report.). Importantly, Appellant having knowledge that the trial court had read, without objection, the PSI report, Appellant ultimately pled guilty to burglary and "true" to allegations that she had violated the provisions of her community supervision on the tampering conviction.

Regardless, we hold that Appellant has waived her asserted appellate argument. We conclude that Appellant did in fact have ample opportunity to object

during the pretrial hearings and thereafter, either orally or in writing, to either (a) preserve error or (b) request immediate relief from the trial court including, but not limited to, a motion for recusal.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a). It is well established that almost every right, constitutional and statutory, may be waived by the failure to object. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver of rights under the United States Constitution); *Wissinger*, 702 S.W.2d at 265 (waiver of due process claim). A failure to object to the court viewing the PSI is waived if not objected to before the trial court. *See Vela,* 915 S.W.2d at 75; *see also Topp v. State*, Nos. 14-05-01008-CR, 14-05-01009-CR, 2007 WL 148822, at *1 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (mem. op., not designated for publication); *Ybarra v. State*, Nos. 14-02-00667-CR, 14-02-00668-CR, 2003 WL 21191746, at *1 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (mem. op., not designated for publication). Further, as in *Vela*, the PSI was not included in the record, and we cannot presume that the trial court considered prejudicial portions of the report. We will not presume prejudicial error. The burden is on Appellant to have the presentence report included in the appellate record. *See Dalgleish v. State*, 787 S.W.2d 531, 537 (Tex. App.—Beaumont 1990, pet. ref'd). Absent fundamental error, we cannot reverse on grounds of which the trial court was not made aware. *See Boler v. State*, 177 S.W.3d 366, 373 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).

"In the absence of proper procedural perfection of error, the only type of errors that may be raised for the first time on appeal are complaints that the trial court

disregarded an absolute or systemic requirement or that the appellant was denied a waivable-only right that [she] did not waive." *Reyes v. State*, 361 S.W.3d 222, 229 (Tex. App.—Fort Worth 2012, pet. ref'd) (citing *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007)).

At no time did Appellant object on the record to (1) the order of proceedings or (2) the consideration of the PSI report prior to a formal finding of guilt. Nor was error alleged in Appellant's motion for new trial. The record does not reflect exactly when the report was delivered to the trial judge, when it was read, or what the report stated in particular—only that it was reviewed in preparation for the guilty plea hearing. The error complained of is not fundamental; therefore, an objection was required in order to preserve these issues for appellate review. *See Hollin v. State*, 227 S.W.3d 117 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (citing *Wissinger*, 702 S.W.2d at 265). Consequently, Appellant's failure to object waived this complaint.

Appellant also had the opportunity to request immediate relief from the trial court in the form of a recusal motion or a motion for new trial asserting the trial court's alleged error. However, neither of these readily available remedies were sought by Appellant during or post trial. The trial court's error was not alleged until the case was brought on appeal before this court. Therefore, the trial court never had the chance to remedy any alleged error brought by Appellant, meaning the provisions found in Rule 33.1 were not complied with. Accordingly, we are prohibited from considering Appellant's assignment of error unless (1) the viewing of the PSI report violated a systemic or absolute requirement or (2) Appellant did not forfeit a right that was "waivable only." *See Mendez v. State*, 138 S.W.3d 334, 340–41 (Tex. Crim. App. 2004).

We conclude, after reviewing numerous cases in line with our reasoning, that a defendant's rights involving a PSI are rights that may be waived or forfeited by

11

inaction.[1] Furthermore, the purported error about which Appellant complains does not rise to the level of structural error, nor is it a waivable-only right that must be implemented unless expressly waived. Consequently, because Appellant failed to make the trial court aware of any objection to its consideration of the PSI, her complaint presents nothing for our review on appeal.

We recognize the holding of the Amarillo court in *Caffery*, which compared the circumstances in that case to the circumstances of *Bryan*. *Caffery v. State*, No. 07-03-0437-CR, 2005 WL 2077173, at \*1 (Tex. App.—Amarillo Aug. 29, 2005, pet. ref'd) (mem. op., not designated for publication). The Amarillo court held that an ex parte in camera interview of the victim and witnesses under the circumstances presented in *Caffery* violated the absolute systemic requirement of due process and that that error could be presented for the first time on appeal. *Id.* at \*2 (citing *Mendez v. State*, 138 S.W.3d 334 (Tex. Crim. App. 2004)). However, although the Amarillo court cited *Bryan* for the proposition that the inspection of a presentence report before a determination of guilt is, for all practical purposes, an in camera proceeding, and further stated that ex parte proceedings are also condemned, we do not believe the holding in *Caffery* applies to the facts of this case. *Id.* *Caffery* is distinguishable because the judge in *Caffery* conducted interviews of the victim and

---

[1]*See, e.g.*, *Griffith v. State*, 166 S.W.3d 261, 263 (Tex. Crim. App. 2005) (holding that a defendant may waive his right to preparation of a PSI by inaction); *Harris v. State*, 416 S.W.3d 50, 52 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (holding that material inaccuracies in a PSI are waived if not raised at the time of the sentencing hearing); *Brand v. State*, 414 S.W.3d 854, 856 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (concluding that a defendant waived error by not challenging either the general adequacy of the PSI or the failure of the PSI to include a more complete psychological evaluation); *Welch v. State*, 335 S.W.3d 376, 382 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding that omission of a psychological evaluation from PSI must be preserved by timely objection); *Nguyen v. State*, 222 S.W.3d 537, 542 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (holding that party must object to the omission of a psychological evaluation from the PSI to preserve error); *Hollin*, 227 S.W.3d at 123 (holding that the failure to object to the consideration of a PSI prior to a formal finding of guilt waived error); *Wright v. State*, 873 S.W.2d 77, 83 (Tex. App.—Dallas 1994, pet. ref'd) (holding that right to a PSI is subject to procedural default and may be forfeited by inaction); *Karnes v. State*, No. 05-07-01352-CR, 2008 WL 3917818, at \*1 (Tex. App.—Dallas Aug. 27, 2008, no pet.) (not designated for publication) (holding that error was not preserved where the defendant did not object to the trial court's consideration of the PSI).

witnesses in camera and ex parte.  *Id.*  Here, the judge only reviewed a written report. However, as we stated above, Appellant failed to ensure that the PSI viewed by the trial judge in camera was included in the record before us.

*This Court's Ruling*

For the reasons cited above, finding no reversible error, we overrule Appellant's sole issue in each cause, and we affirm the judgments of the trial court.

W. BRUCE WILLIAMS
JUSTICE

August 12, 2021

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

13